UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROSA PARKS CIVIL RIGHTS DEPARTMENT,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. C13-5175BHS<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT |

This matter comes before the Court on Plaintiff Rosa Parks Civil Rights Department's ("Plaintiff") motion to proceed *in forma pauperis* (Dkt. 1) and proposed complaint (Dkt. 1-1).

On March 8, 2013, Plaintiff filed the motion and complaint alleging that Defendants violated the federal civil rights of the CEO of Plaintiff, Willie Banks. Dkt. 1–1 at 4 (brief description of claim). Upon review of the complaint and attached material, it

ORDER - 1

1   appears that Mr. Banks was involuntarily admitted to Western State Hospital in late 2009

2   and Mr. Banks alleges this was a violation of his civil rights.

3         The district court may permit indigent litigants to proceed *in forma pauperis* upon

4   completion of a proper affidavit of indigency. See 28 U.S.C. § 1915(a). However, the

5   Court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller*

6   *v. Dickson*, 314 F.2d 598 (9th Cir.), *cert. denied*, 375 U.S. 845 (1963). "A district court

7   may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of

8   the proposed complaint that the action is frivolous or without merit." *Tripati v. First*

9   *Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987).

10         A federal court may dismiss the complaint *sua sponte* pursuant to Fed. R. Civ. P.

11   12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be

12   granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial

13   court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a

14   dismissal may be made without notice where the claimant cannot possibly win relief.").

15   *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307 (1989) (there is little

16   doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*,

17   even in absence of an express statutory provision). A complaint is frivolous when it has

18   no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.

19   1984).

20         In this case, Plaintiff's complaint is frivolous because there is no arguable basis in

21   law or fact for the proposition that a business entity may sue for the violation of its

22   officer's civil rights. Moreover, it appears that the three-year statute of limitations has

1 | passed for any claim under 42 U.S.C. § 1987.  Therefore, the Court **DENIES** Plaintiff's

2 | motion to proceed *in forma pauperis* and *sua sponte* **DISMISSES** the complaint.

3 | **IT IS SO ORDERED.**

4 | Dated this 18th day of March, 2013.

                                               BENJAMIN H. SETTLE
                                               United States District Judge